IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| v. | § | CIVIL ACTION NO. 6:11cr25 |
| ENRIQUE QUINTANA | § | |

<u>REPORT AND RECOMMENDATION<br>OF THE UNITED STATES MAGISTRATE JUDGE<br>ON MOVANT'S MOTION TO PROCEED <i>IN FORMA PAUPERIS</i> ON APPEAL</u>

The Movant Enrique Quintana has filed two motions for leave to proceed *in forma pauperis* in his appeal from the denial of his motion for compassionate release and reduction of sentence. The motions for leave to proceed *in forma pauperis* on appeal have been referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. Background**

Movant was convicted of production of child pornography and sentenced to a total of 708 months in confinement, with a release date of September 28, 2061. On March 1, 2022, Movant filed a motion for compassionate release and reduction of sentence. This motion was denied because Movant did not meet the age/time served test of 18 U.S.C. §3582(c)(1)(A)(ii) and did not show that extraordinary and compelling reasons warrant his early release. The Court determined that Movant did not present any ailments placing him at increased risk for Covid-19, he has already recovered from Covid-19 and has been fully vaccinated, he is fully ambulatory and engages in all normal activities of daily living, and he is ineligible for release under the CARES Act due to his offenses being of a sexual nature involving children. He made no showing that he would recidivate or participate in related activity once release and failed to demonstrate how release reflects the seriousness of the offense, promotes respect for law, and provides just punishment for the offense. The Court also denied Movant's request for appointment of counsel.

On April 18, 2022, Movant filed a notice of appeal of the denial of compassionate release. He followed this with motions for leave to proceed *in forma pauperis* on appeal on August 26 and August 29, 2022. The first of these motions stated that he sought such leave and has been previously declared indigent, and attached an affidavit showing he has no income and no assets. The second such motion again stated that he has previously been declared indigent, and attached an "inmate inquiry" which showed he has a present inmate account balance of $11.44 and he has had a total of $869.15 deposited into his account over the past six months. He attaches another affidavit stating that he has no income and no assets, but does not explain the source of the $869.15 deposited into his account over the past six months.

## II. Discussion

Under certain circumstances, the court may grant a party leave to proceed on appeal without prepaying or giving security for fees and costs. See 28 U.S.C. § 1915(a); Fed. R. App. P. 24(a). To proceed IFP, a party must submit an affidavit that includes a statement of all assets he possesses demonstrating his inability to prepay or give security for fees and that states the nature of the appeal and the affiant's belief that he is entitled to redress. 28 U.S.C. § 1915(a)(1). A prisoner who seeks to proceed IFP must also submit a certified copy of his trust fund account statement or institutional equivalent for the 6-month period immediately preceding the filing of the notice of appeal. Id. § 1915(a)(2). If granted leave to proceed IFP, a prisoner is still obligated to pay the full amount of the filing fee over time, when funds exist, through an initial partial filing fee and monthly installments withdrawn from the prisoner's account. Id. § 1915(b)(1), (2); Hawes v. Stephens, 964 F.3d 412, 417 (5th Cir. 2020). A prisoner may proceed IFP on appeal only if he is economically eligible and presents a non-frivolous issue. *See* Carson v. Polley, 689 F.2d 562, 586 (5th Cir. 1982); *accord,* United States v. Rutherford, 831 F. App'x 713, 714 (5th Cir. 2020). An issue is not frivolous if it involves "legal points arguable on their merits." Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983); *accord,* United States v. Castillo-Chavez, 828 F. App'x 207, 207 (5th Cir. 2020).

While Movant has been previously been declared indigent, he did not set out the nature of his appeal or state his belief that he is entitled to redress, and has wholly failed to show that his appeal presents any non-frivolous issues. Consequently, he is not entitled to proceed *in forma pauperis* on appeal. See United States v. Gracin, slip op. no. 21-30323, 2021 WL 5985054 (5th Cir. 2021) (affirming the denial of IFP in an appeal of a denial of compassionate release where no non-frivolous issues were set out).

## RECOMMENDATION

It is accordingly recommended that the Movant's motions for leave to proceed *in forma pauperis* on appeal (docket no.'s 98 and 100) be denied.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found. An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. Battle v. United States Parole Commission, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge which are accepted and adopted by the district court except upon grounds of plain error. Douglass v. United Services Automobile Association, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**So ORDERED and SIGNED this 19th day of September, 2022.**

3

*John D. Love*
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE